CHASEZ, Judge.
This is a declaratory judgment suit instituted by plaintiffs against defendant, the Roman Catholic Church of the Archdiocese of New Orleans, formerly known as the Roman Catholic Church of the Diocese of New Orleans, to have the defendant adjudged as forfeiting certain legacies previously received from the Succession of Miss Amenaide Fassmann, docket No. 326-059 of the Civil District Court for the Parish of Orleans.
The suit was filed by Posey R. Bowers, testamentary executor of the Succession of Miss Amenaide Fassmann; Mrs. Lucille Lang Bowers, Mrs. Gertrude Fassmann, widow of Wallace M. Lear, named as residual legatees; Elmire Hancock Johns, daughter of a deceased residual legatee, and Mrs. Walker Hancock, Sr., legal heirs of the decedent.
Defendants in the lower court filed exceptions of improper venue and nonjoinder of necessary parties plaintiff, which were overruled by the trial judge. Defendant further filed peremptory exceptions of lib-erative prescription, no cause of action, no right of action and no interest in plaintiffs to institute suit, no cause and/or right of action, and non-joinder of indispensable parties. The trial court overruled all the exceptions save the exception of no cause of action which was sustained, dismissing plaintiffs’ suit. From this adverse judgment plaintiffs have appealed.
By a will dated September 26, 1953, Amenaide Fassmann gave and bequeathed:
“I give and bequeath unto the Roman Catholic Archdiocese of New Orleans, *331 Louisiana, the property, square 44, Harlem, Jefferson Parish, Louisiana; to be used for the erection of a Church or Chapel in memory of my brother, EDWARD VICTOR FASSMANN. I also give and bequeath unto the Roman Catholic Archdiocese of Louisiana, the sum of ONE THOUSAND & NO/lOO ($1,-000.00) DOLLARS, cash, to be used for the foundation of the future Church or Chapel to be erected on square 44, Harlem, Jefferson Parish, Louisiana; this gift of ONE THOUSAND & NO/100 ($1,000.00) DOLLARS is in memory of my devoted sister, VIRGINIA FASSMANN, who was an heroic Catholic.”
Subsequently, after the demise of Miss Fassmann, Posey R. Bowers, as duly named and qualified testamentary executor in compliance with said disposition, under court order, transferred the subject property to the defendant on June 1, 1955.
Plaintiffs allege that from the time of transfer to the present no action has been taken by the defendants to erect a “church or chapel” and that by their inaction defendant has forfeited any right to the devise and legacy.
The lower court maintained the exception of no cause of action, dismissing plaintiffs’ suit, reasoning that the testator did not fix a time for the erection of a church or chapel and, therefore, there has been no failure by defendant to fulfill the condition.
In order to determine whether or not the exception is well founded we must first determine the import of the testatrix’s bequest.
In any interpretation of a last will the intention of the testator must be ascertained and once determined the same must be observed and honored providing the law so permits. LSA-C.C. Article 1712.
We are convinced that the testatrix in granting the devise clearly intended the land to be used for “the erection of a church or chapel”. The entire tenor of the paragraph concerning this particular legacy is indicative of securing the condition that the land be used by the legatee for the purpose, and only for the purpose, of constructing a church or chapel thereon. Significantly, we note the language used in granting the $1,000 legacy in that this money is “to be used for the foundation of the future church or chapel to be erected on square 44, Harlem, Jefferson Parish, Louisiana.” Accordingly, we are certain that the land would not have been so granted to the defendant had she known that no church or chapel was to be built on this land.
Defendant accepted the legacy under the condition imposed, as evidenced by the act of transfer dated June 1, 1955, wherein it is stated:
“THE ROMAN CATHOLIC CHURCH OF THE DIOCESE OF NEW ORLEANS, a Louisiana corporation, here present, acknowledging and accepting the said bequest, to-wit: Square 44, Harlem, Jefferson Parish, Louisiana, ‘ “to be used for the erection of a Church or Chapel in memory of Edward Victor Fassmann” ’, and acknowledging delivery and possession thereof, the following described property, made as a bequest in the said will of the said late Miss Amenaide Fassman, ‘ “to be used for the erection of a Church or Chapel in memory of Edward Victor Fassman”.’
“And the said ROMAN CATHOLIC CHURCH OF THE DIOCESE OF NEW ORLEANS, through its undersigned Officer, herein duly authorized, declared that it accepts the said legacies and to the uses and purposes thereof as stipulated in the said last will and testament of the deceased, and acknowledges delivery and possession of the said real property, * * * *.”
It is evident that as hereinbefore discussed that the property is subject to a *332 specific condition, to wit: "the erection of a church or chapel” on the land devised. However, the Will does not disclose a specific term in which the condition is to be fulfilled.
Defendant contends that since no time for performance is designated there has been no forfeiture of the bequest. No cases have been cited to this court and we know of none which have determined the exact issue that is before us.
We are convinced that where a testator or testatrix has disposed of property-subject to a condition under which no specified time for performance can be ascertained, the condition must be fulfilled within a reasonable amount of time, subject to the circumstances surrounding the devise or bequest. As to what constitutes a reasonable time, each case must be decided on its own facts. As stated in 3 Aubry and Rau, Civil Law Translations, Droit Civil Francais, “of Testamentary Successions and Gratuitous Dispositions,” 3717 at page 465:
“It is the function of the judge to determine, in accordance with the intention of the testator, whether the condition has or has not been fulfilled, and especially where the testator has not fixed a time for its fulfillment, to determine whether it can be considered as having failed.”
Additionally in 96 C.J.S. Wills § 999 it is stated:
“Generally, where a time is specified for the performance of a condition in a will it must be performed within that time; but, if no time is fixed, performance must be had within a reasonable time.”
We are also convinced that the testatrix intended a reasonable term for the performance of the condition. If the condition is not performed in a reasonable time, then it never would have to be performed and the intention of the testatrix would be negated. We therefore find the exception of no cause of action inapplicable to the present suit.
Defendant also entered a plea of prescription, asserting that it was placed in possession of the legacy on June 1, 1955 and suit for revocation for nonperformance of conditions was not filed until August 27, 1970. We find prescription inapplicable to suits of the present nature. Prescription cannot begin to run until there has been nonperformance of the condition. Thus prescription cannot apply when a reasonable time is granted for the performance of a condition, especially in view of our determination that each case must be adjudicated on its own facts.
Defendant’s exceptions of no right of action, nonjoinder of indispensable parties, failure to join necessary parties,[1] and improper venue are all based on the primary allegation that plaintiff, Posey R. Bowers, has no standing and is not the proper party plaintiff. Defendant asserts that the Succession of Amenaide Fassmann has been legally concluded and the functions of the executor, Bowers, have ceased and therefore he has no interest in the present suit. Also, not all the residuary and universal legatees were joined.
 Bowers was the duly named and qualified Testamentary Executor of the Succession of Amenaide Fassmann. All the debts have been paid and the legatees have been put in possession as of 1957. However, Bowers has never sought to be discharged from his administrative office as succession representative, as provided for by LSA-C.C.P. Article 3391 et seq.
LSA-C.C. Article 1672 provides:
“Art. 1672 Duty of executor to see testament faithfully executed.
*333 “Art. 1672. The testamentary executor is bound to see the testament faithfully executed. (As amended Acts 1960, No. 30, § 1.)”
A testament is not fully executed, however, until the conditions imposed on all legacies are complied with. We therefore find that Posey R. Bowers is a proper party to institute the present action and accordingly the Civil District Court for the Parish of Orleans is the court of proper venue by reason of the succession being judicially opened in that parish.
For the above and foregoing reasons the judgment of the lower court is reversed and the case remanded for trial on the merits. Costs to be paid by defendant-ap-pellee.
Reversed and remanded.

. Other residual legatees are named under the will but were not joined as parties plaintiff or defendants.